IN THE SUPREME COURT OF THE STATE OF DELAWARE

LEROY SHELLEY, §
§ No. 293, 2025
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 9804001318 (N)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: September 2, 2025
Decided: October 27, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, LeRoy Shelley, filed this appeal from the Superior Court's denial of a motion for correction of illegal sentence. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Shelley's opening brief that his appeal is without merit. We agree and affirm.

(2) A Superior Court jury convicted Shelley of two counts of first-degree robbery, two counts of possession of a firearm during the commission of a felony ("PFDCF"), two counts of second-degree kidnapping, and second-degree conspiracy. The crimes occurred on February 6, 1997. The Superior Court

sentenced Shelley as follows: for each count of first-degree robbery, four years of imprisonment, of which two years for each count was a mandatory term under 11 *Del. C.* § 4205(b)(2); for each count of PFDCF, three years of imprisonment, as a mandatory term under 11 *Del. C.* § 1447A(b); for each count of second-degree kidnapping, five years of imprisonment, suspended after two years for probation; and for second-degree conspiracy, six months of imprisonment.

(3) Shelley has filed numerous unsuccessful motions for postconviction relief or challenging his sentences. On June 6, 2025, he filed a motion to correct an illegal sentence under Superior Court Criminal Rule 35(a). The Superior Court denied the motion, and Shelley has appealed to this Court.

(4) We review the denial of a motion for correction of sentence for abuse of discretion.[1] To the extent the claim involves a question of law, we review it *de novo*.[2] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

(5) Shelley argues that his sentences are illegal and should be vacated because the applicable sentencing statutes and guidelines changed between the date

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] *Id.*
[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

2

of the offenses and when he was sentenced and the sentencing judge misapprehended the applicable statutes.[4] Having reviewed the statutes in effect on February 6, 1997, when Shelley committed the crimes at issue, we conclude that the sentences are not illegal. In 1997, first-degree robbery was a class B felony, subject to a sentencing range of two to twenty years;[5] PFDCF was a class B felony, subject to a minimum-mandatory sentence of three years and a maximum sentence of twenty years;[6] second-degree kidnapping was a class C felony, subject to a sentencing range of zero to ten years;[7] and second-degree conspiracy was a class G felony, subject to a sentencing range of zero to two years.[8] The Superior Court sentenced Shelley well within the applicable limits, and Shelley was not subjected to an *ex post facto* increase in the sentencing range as he contends.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[4] On appeal, Shelley has abandoned his argument that his sentence is illegal under *Erlinger v. United States*, 602 U.S. 821 (2024).

[5] 11 *Del. C.* § 832(a) (1997); *id.* § 4205(b)(2).

[6] *Id.* § 1447A(a)-(b); *id.* § 4205(b)(2).

[7] *Id.* § 783; *id.* § 4205(b)(3).

[8] *Id.* § 512; *id.* § 4205(b)(7).